OPINION
{¶ 1} Defendant-appellant Uthman Batin appeals his conviction and sentence entered by the Stark County Court of Common Pleas, on one count of trafficking in cocaine, in violation of R.C.2925.03(A)(2)(C)(4)(E); and one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(D), following the trial court's re-sentencing appellant upon this Court's remand inState v. Batin, Stark App. No. 2004C-A-00128, 2005-Ohio-36. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} On January 16, 2004, Chad Braun, Ed Kirkland, and Brian Johnson from the Adult Parole Authority arrived at the residence of Michael Rogers, located at 431 Euclid Avenue S.W., Massillon, Stark County, Ohio. Rogers was a parolee supervised by the Adult Parole Authority. The parole officers, who were making a home visit at Rogers' residence, were dressed in plain clothes, and arrived in Kirkland's personal vehicle, which is unmarked.
 {¶ 3} As they arrived at the residence, Officer Braun observed a white van which he understood belonged to appellant. Officer Braun testified, without objection from trial counsel, he previously received information appellant was "dealing drugs and was involved in drug activity." (T. at 122). Appellant and Rogers were observed exiting the residence. The parole officers were apprehensive because they did not know what to expect inside the residence, and called the Massillon Police Department for backup prior to exiting the vehicle.
 {¶ 4} The parole officers pulled up across the street from Rogers' residence. Officer Braun exited the car, yelling, "Parole". Both appellant and Rogers recognized Parole Officer Braun. Rogers did not say anything, but appellant said "What's going on, Chad?"
 {¶ 5} When Officer Braun told the men to show their hands, Rogers complied, but appellant took off running. Officer Braun pursued appellant along the north side of Rogers' residence, as Officer Kirkland went around the south side of the residence in order to cut off appellant. During the pursuit, Officer Braun remained approximately 15 to 20 feet behind appellant, and observed appellant pull his hands from his jacket and throw a plastic baggie over the fence. Officer Braun looked over the fence and saw two baggies, each containing a hard, white substance on the ground.
 {¶ 6} After he discarded the object, appellant immediately slowed down, turned around and said, "What, What, What, I didn't do anything." Appellant started to walk back in Officer Braun's direction. Officer Kirkland directed appellant to lie down on the ground, and placed him in handcuffs. Officer Braun told Officer Kirkland he saw appellant throw something over the fence. Officer Braun recovered the two separate baggies from the other side of the fence, which he showed to Officer Kirkland, and then brought inside Rogers' house. When the police arrived, Officer Braun turned the drugs over to Detective Thomas Minarcheck of the Massillon Police Department.
 {¶ 7} Prior to appellant's arrest, Officer Kirkland questioned appellant in order to determine who owned the van appellant drove to the house. Appellant told Officer Kirkland to tell Rogers, "Thanks for setting him up." Appellant was arrested and searched. He was carrying $432 in cash in one of his pockets.
 {¶ 8} After the police arrived, the parole officers looked around Rogers' house for other signs of behavior indicating drug activity, but did not find any drugs or drug paraphernalia.
 {¶ 9} Det. Minarcheck, arrived at the scene after appellant had been taken to the Massillon Police Station. Detective Minarcheck testified, without objection from trial counsel, he received information appellant was involved in "pattern drug sales" prior to January 16, 2004.
 {¶ 10} Det. Minarcheck provided testimony as to the specification in the indictment the offense took place within 1000 feet of a school. Trial counsel did not object to this testimony, although Det. Minarcheck admitted he did not personally determine the distances, and did not understand the process used to establish such. Det. Minarcheck relied on City Engineer Jason Haynes, who measured the exact distance on a topographical map.
 {¶ 11} Parole Officer Braun testified there was a school in the immediate vicinity of Rogers' residence. Officer Braun testified the school was "approximately 1000 feet" from Rogers' residence.
 {¶ 12} At the conclusion of the State's case in chief, trial counsel moved for a judgment of acquittal pursuant to Crim. R. 29 for the trafficking offense or for the school-zone specification. The two plastic baggies had been sent to the Stark County Crime Lab. One baggie contained 22 pieces of crack-cocaine tested at an aggregate weight of 3.56 grams of crack-cocaine. The second baggie contained a large piece of crack, a "pancake," which had not yet been cut into individual unit doses. This pancake tested at 9.89 grams of crack-cocaine. Together the crack-cocaine in the baggies thrown by appellant weighed 13.45 grams. The cash found on appellant was tagged into evidence and submitted to the Stark County Crime Lab. The cash was tested and found to contain residue of cocaine.
 {¶ 13} After hearing all the evidence and deliberations, the jury found appellant guilty of both offenses as charged in the indictment. The trial court sentenced appellant to an aggregate term of incarceration of ten years. Appellant filed a timely appeal to this Court. We affirmed appellant's conviction for drug trafficking, finding such was supported by the manifest weight and sufficiency of the evidence, but vacated his sentence on the school-zone specification and remanded the matter for a new trial. State v. Batin, Stark App. No. 2004-CA-00128,2005-Ohio-36.
 {¶ 14} Upon remand, the State dismissed the school-zone specification, reducing the trafficking offense from a first degree felony to a second degree felony. The parties agreed the purpose of the remand was to re-sentence appellant on the trafficking count. The trial court proceeded to sentence appellant, noting the convictions for Count One (trafficking) and Count Two (possession) would merge for the purposes of sentencing. The trial court discussed appellant's prior drug related convictions and the fact he was on parole when the instant offenses were committed, and concluded appellant posed the greatest likelihood of recidivism. Finding the shortest prison term would demean the seriousness of the offenses and would not adequately protect the public, the trial court sentenced appellant to a maximum prison term of eight years on each count, and ordered the terms be served concurrently.
 {¶ 15} It is from this conviction and sentence appellant appeals, raising the following assignments of error:
 {¶ 16} "I. THE CONVICTION OF THE APPELLANT WAS AGAINST THE MAINFEST WEIGHT AND THE SUFFICIENCY OF THE EVIDENCE.
 {¶ 17} "II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSITITUIONAL RIGHTS.
 {¶ 18} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO A MAXIMUM PRISON TERM."
 I, II {¶ 19} In his first assignment of error, appellant maintains his conviction was against the manifest weight and sufficiency of the evidence. In his second assignment of error, appellant submits he was denied the effective assistance of counsel.
 {¶ 20} Appellant raised these issues in his original appeal to this Court, and this Court previously addressed those issues. Accordingly, further review of these assignments of error is barred by the doctrine of the res judicata.
 {¶ 21} Appellant's first and second assignments of error are overruled.
 III {¶ 22} In his final assignment of error, appellant challenges the trial court's imposition of a maximum prison term. Appellant submits, although the trial court made several findings, it failed to make the findings necessary to justify imposing a maximum sentence pursuant to R.C. 2929.14 (C), i.e., a finding appellant committed the worst form of the offense.
 {¶ 23} Pursuant to R.C. 2929.14(C), a trial court may impose the maximum sentence under the following conditions:
 {¶ 24} "(C)[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 25} This statute is to be read in the disjunctive. See,State v. Comersford (June 3, 1999), Delaware App. No. 98CAA01004. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above listed categories apply.
 {¶ 26} In State v. Redman, Stark App. No. 2002CA00097, 2003-Ohio-646, this Court held: "While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C. 2929.19(B)(2)(d): The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: `(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14
of the Revised Code, its reasons for imposing the maximum prison term'." Id. at ¶ 12-13.
 {¶ 27} Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C.2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d).
 {¶ 28} Although the trial court did not expressly find appellant committed the worst form of the offense, it did find appellant posed the greatest likelihood of recidivism, noting appellant's criminal history of drug related offenses. The trial court also noted appellant had been on parole at the time he committed the instant offenses. Accordingly, we find the trial court sufficiently stated its finding and reasons under R.C.2929.14 (C) for imposing the maximum sentence.
 {¶ 29} Appellant's third assignment of error is overruled.
 {¶ 30} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The majority of the Statement of the Facts and Case has been adopted from this Court's previous opinion in Batin,
supra.